**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **JARAD ROSS BARNES,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | |
| | : | **NO. 5:26-cv-00050-MTT-CHW** |
| | : | |
| **Commissioner TYRONE OLIVER,** | : | |
| **et al.,** | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| **Defendants.** | : | |
| | : | **ORDER** |

Pro se Plaintiff Jarad Ross Barnes, a prisoner at Central State Prison in Macon, Georgia, filed a 42 U.S.C. § 1983 action.  ECF No. 1.  He failed to use the Court's required form.  Plaintiff also moved to proceed *in forma pauperis*, but he has failed to submit a certified copy of his trust fund account statement.  ECF No. 2; ECF No. 4.

Plaintiff must complete and file the required 42 U.S.C. § 1983 form.  The form should be completed in full.  Plaintiff should be aware that "[a]s a general matter, fictitious-party pleading is not permitted in federal court.  [The Court has] created a limited exception to this rule when the plaintiff's description of the defendant is so specific" it would allow the defendant to be identified and served.  *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)).  Thus, Plaintiff must provide the name or a detailed description of any defendant he seeks to sue.  If Plaintiff provides a description, it must be so detailed that

1

the person can be identified and served with process.

In Plaintiff's original complaint, he names several defendants but makes allegations against only one—Counselor Walker.  ECF No. 1 at 1.  Plaintiff must name each defendant he seeks to sue in the heading of the § 1983 complaint form and list each defendant again in the statement of claim section of the form and tell the Court what each defendant did, or did not do, that violated Plaintiff's constitutional or federal statutory rights.  If Plaintiff fails to link a claim to a defendant, the claim will be dismissed.

Additionally, there is no supervisory liability under § 1983.  *Keith v. Dekalb Cnty.*, 749 F.3d 1034, 1047 (11th Cir. 2014) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)).  Tyrone Oliver and Deputy Warden of Security Thomas are not responsible for the actions or inactions of their subordinates.  Oliver and Thomas are responsible only if they personally participated in the alleged constitutional deprivation or if there exists a causal connection between their actions or inactions and the alleged constitutional deprivation.  If Plaintiff names Oliver or Thomas in the complaint that he submits on the required § 1983 form, he needs to explain why he has named them.  In other words, Plaintiff needs to tell the Court how Oliver and Thomas are connected to his Eighth Amendment deliberate indifference to safety and deliberate indifference to serious medical needs claims.

The complaint that Plaintiff submits on the required form will take the place of and supersede Plaintiff's original complaint.  Thus, the Court will not refer to Plaintiff's original two-page complaint to determine if he has stated a claim.  As stated above, Plaintiff must answer each question on the § 1983 form.  If he needs additional room for

his statement of claim, Plaintiff may attach additional pages as long as the entire complaint (form plus any additional pages) totals **NO MORE THAN TEN (10) PAGES**.

In relation to Plaintiff's motion to proceed without prepayment of the filing fee, a prisoner seeking leave to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint."   28 U.S.C. § 1915(a)(1)-(2).

Accordingly, Plaintiff is **ORDERED** to complete the required § 1983 form in full and submit a proper motion to proceed without the prepayment of the filing fee, which should include a certified copy of his trust fund account statement.   The Clerk is **DIRECTED** to provide Plaintiff with a copy of the § 1983 complaint form and the *in forma pauperis* forms (all showing this civil action number) along with a copy of this Order. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to comply. If Plaintiff does not timely and fully comply with this Order, this action will be dismissed. Plaintiff is further **ORDERED** to notify the Court immediately in writing of any change of address. There shall be no service of process in this case until further order of the Court.

So **ORDERED and DIRECTED**, this 24th day of April, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

3